# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3741

_____

United States of America,                   *
                                             *
          Plaintiff - Appellee,              *
                                             *   Appeal from the United States
     v.                                      *   District Court for the Eastern
                                             *   District of Arkansas.
Michael James Longoria,                      *
                                             *        [UNPUBLISHED]
          Defendant - Appellant.             *

_____

Submitted: June 15, 2006
Filed: June 26, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael James Longoria pled guilty without a plea agreement to five counts of possession of counterfeit checks, in violation of 18 U.S.C. § 513(a). The district court[1] sentenced him to 48 months imprisonment, and Longoria appeals, alleging that the district court improperly departed upward and imposed an excessive and unreasonable sentence. We affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Blank checks and furnishings which had been purchased with counterfeit checks were recovered from Longoria's residence during execution of a search warrant. Following his indictment, a presentence report (PSR) was prepared. The PSR calculated the loss from Longoria's offenses to be $9,050.47 and recommended a base offense level of 6 under the advisory guidelines, a 2 level enhancement for the amount of loss, and a 2 level reduction for acceptance of responsibility. The PSR reported that Longoria had 54 criminal history points and a criminal history category of VI and indicated that a departure might be warranted under U.S.S.G. § 4A1.3 because Longoria's criminal history category was "significantly higher than the typical defendant in Category VI", which did not "reflect the seriousness of his past criminal conduct or the likelihood he will commit other crimes."

The initial sentencing hearing was continued because a few issues in the PSR needed to be addressed following the first hearing. At both sentencing hearings, the district court stated that based on a total offense level of 6 the advisory guideline range was 12 to 18 months and that it would consider the 18 U.S.C. § 3553(a) factors before determining a sentence. The government requested an upward departure based on Longoria's criminal history and requested that the court consider a range of 24 to 30 months. It also cited United States v. Gonzales-Ortega, 346 F.3d 800, 803 (8th Cir. 2003), a case in which the district court had arrived at an upward departure by adding 1 offense level for every 3 criminal history points that exceeded 15. Longoria's sister testified about his willingness to donate part of a kidney to her because of her liver disease. Defense counsel and Longoria pointed to further mitigating circumstances such as the fact that he has custody over his children, does not have a drug problem, and made efforts at rehabilitation while incarcerated in Florida.

The district court announced that it would depart upward because Longoria's criminal history score "set[] a record" in its experience. The court applied a ratio of 1 offense level to every 3 criminal history points above 13 to determine a potential sentencing range of 70 to 87 months. While it considered imposing a sentence of 84

months, the district court sentenced Longoria to 48 months and restitution of $4,295.40.

Longoria argues that the district court erred by basing its departure solely on his criminal history without considering the 18 U.S.C. §3553(a) factors and by imposing an excessive and unreasonable sentence that was above the sentencing range in the PSR and the government's recommendation. He relies on United States v. Castro-Juarez, 425 F.3d 430 (7th Cir. 2005), and United States v. Shannon, 414 F.3d 921 (8th Cir. 2005), to assert that an upward departure must be based on more than a recitation of the defendant's criminal history. Finally, Longoria suggests that the court relied excessively on pre Booker case law. See United States v. Booker, 543 U.S. 220 (2005).

Under U.S.S.G. § 4A1.3(a) an upward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". Section 4A1.3(a)(4)(B) provides that for defendants in criminal history category VI, the court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." Longoria had 41 more criminal history points than the 13 points which trigger category VI status. In departing the district court was guided by § 4A1.3(a)(4)(B) in increasing the offense level and chose to do so using a ratio of 3 points per level, which resulted in a potential advisory guideline sentence of 70 to 87 months. It then decided to impose a sentence significantly below that range.

The district court did not abuse its discretion by departing upward. See, e.g., Shannon, 414 F.3d at 923 ("court may depart upward on the ground that even the highest category seriously under-represents the seriousness of the defendant's criminal history"). The district court also indicated that it was considering the 18 U.S.C. §

3553(a) factors and it in fact imposed a sentence that was lower than the potential advisory guideline range it had calculated.  Such consistency with the guidelines is "generally indicative of reasonableness", see Shannon at 924, and the court's decision to depart based on underrepresentation of behavior or likelihood of future crime is supported by the 18 U.S.C. § 3553(a) factors.

Accordingly, we affirm the judgment of the district court.

_____